UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SEAN P. RICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00276-JMS-MJD |
| ) | |
| WARDEN,[1] ) | |
| ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Denying a Certificate of Appealability**

Petitioner Sean P. Rich is serving a 93-year sentence for his 1999 Marion County, Indiana, convictions for class A felony burglary, two counts of class B felony criminal confinement, and class D felony theft. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Rich's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I.   Factual and Procedural Background

On March 3, 1999, after an eight day trial, a jury found Mr. Rich guilty of the burglary and criminal confinement charges, but returned a hung verdict as to the battery, murder, and arson charges. *See* Dkt. 15-1 at 15. The trial court sentenced Mr. Rich to an aggregate 93 years term of incarceration.

---

[1] In 2017, the Indiana legislature changed the Department of Correction title of Superintendent to Warden. Indiana Senate Enrolled Act 387, Pub. L. No. 67-2017, §§ 1–20, 2017 Ind. Acts 241, 241–52. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d).

Mr. Rich then appealed his conviction and sentence to the Indiana Court of Appeals, but sought time to return to the trial court to file post-judgement motions, which was granted. Following the denial of his motions in the trial court, Mr. Rich returned to the Indiana Court of Appeals to pursue his direct appeal and raised issues of newly discovered evidence, jury instructions, and double jeopardy. The Indiana Court of Appeals affirmed his convictions, but remanded for resentencing on one count of criminal confinement as a class C felony after finding that the conviction as enhanced violated double jeopardy principles. *See* Dkt. 15-7. Mr. Rich sought transfer to the Indiana Supreme Court challenging the Indiana Court of Appeal's holding that he was not entitled to a new hearing based on newly discovered evidence. *See* Dkt. 15-8. The Indiana Supreme Court denied transfer on May 29, 2003.

On July 29, 2005, Mr. Rich was resentenced to a four-year sentence for his class C felony criminal confinement, which resulted in a sixteen-year reduction in his aggregate sentence. *See* Dkt. 15-1 at 22. Mr. Rich appealed his sentence and challenged whether his other sentences, and not the one that was reduced, violated the Sixth Amendment pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004), and *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005). The Indiana Court of Appeals affirmed his sentence on June 14, 2006. Dkt. 15-13. The Indiana Supreme Court denied transfer on August 24, 2006.

On March 2, 2007, Mr. Rich filed a petition for post-conviction relief challenging the effectiveness of both trial and appellate counsel, which the post-conviction trial court denied. Mr. Rich appealed, claiming ineffective assistance of appellate counsel for not challenging the sufficiency of the evidence and claiming ineffective assistance of trial counsel. Mr. Rich also asserted that his trial counsel failed to object to the admission of his confirmation class photograph and the admission of evidence that he was in possession of stolen checks from the church; failed

2

to introduce exculpatory evidence; and failed to object to his sentence as being manifestly unreasonable. The Indiana Court of Appeals affirmed the denial of post-conviction relief on August 2, 2010. *See* Dkt. 15-18. Mr. Rich sought transfer challenging trial counsel's failure to object to a prejudicial identification; request a mistrial after the improper admission of evidence; and present exculpatory evidence. Dkt. 15-19. The Indiana Supreme Court denied his petition to transfer on September 28, 2010.

On February 9, 2017, Mr. Rich filed a Motion to Correct Erroneous Sentence that was denied by the trial court on February 20, 2017.

On June 12, 2017, Mr. Rich filed this petition for a writ of habeas corpus.

## II.     Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Rich's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

### III. Discussion

In support of his petition for a writ of habeas corpus, Mr. Rich raise two claims: (1) his sentence violates the Eighth Amendment because the trial court did not properly consider his age or attributes of youth; and 2) the trial court improperly unconstitutionally sentenced him in violation of the Sixth Amendment. The respondent contends that Mr. Rich's petition is barred by AEDPA's one-year statute of limitations, but if his petition is timely, his claims are procedurally defaulted. In reply, Mr. Rich argues that his claims are timely "as he can attack an illegal sentence at any time." Dkt. 20 at 1.

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)). To the extent applicable, 28 U.S.C. § 2244(d)(1)(C) provides that a state prisoner "has one year to file a habeas petition based on a newly recognized constitutional right made retroactively applicable by the Supreme Court to collateral review."

Mr. Rich's conviction and sentence became final when the time to seek certiorari in the United States Supreme Court expired following his 2005 direct appeal post-resentencing. 28 U.S.C. § 2244(d)(1)(A). Because the Indiana Supreme Court denied transfer on August 24, 2006, the time to seek certiorari expired on November 22, 2006. *See* Rule 13 of *Rules of the Supreme*

*Court of the United States*. The one-year period of limitation began running on that date until March 2, 2007, when Mr. Rich filed a petition for post-conviction review. One hundred (100) days had already elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Rich's limitations period remained tolled until the Indiana Supreme Court denied his petition to transfer his appeal from the denial of post-conviction relief on September 28, 2010. The time to seek certiorari for this decision expired on December 27, 2010. The one-year period of limitation began running again on this date. Mr. Rich had 265 days remaining in the statute of limitations period, or until September 18, 2011, to file a petition for writ of habeas corpus. However, Mr. Rich did not file this petition until June 12, 2017, approximately six years after the limitations period expired.

Mr. Rich asserts that his petition is timely based on new holdings of the United States Supreme Court and because he was misled by counsel who explained he could file a habeas petition at any time. Dkt. 1 at 7. Specifically, Mr. Rich asserts that his convictions and sentence are unconstitutional based on the Supreme Court's rulings in (1) *Jones v. U.S.*, 526 U.S. 227 (1999), (2) *Apprendi v. New Jersey*, 530 U.S. 466 (2000), (3) *Ring v. Arizona*, 536 U.S. 584 (2002), (4) *Blakely v. Washington*, 542 U.S. 296 (2004), (5) *Roper v. Simmons,* 543 U.S. 551 (2005), (6) *Graham v. Florida*, 560 U.S. 48 (2010), (7) *Miller v. Alabama*, 567 U.S. 460, 469 (2012), and (8) *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) (finding *Miller* retroactive). *See* Dkt. 21. Specifically, his first claim is based on *Graham*, *Miller*, and *Montgomery*, and his second claim is based on *Jones*, *Apprendi*, *Ring*, and *Blakely*.

As to his first claim, the Supreme Court in *Montgomery* held that the rule announced in *Miller* was a substantive rule of constitutional law that was made retroactively applicable to collateral cases, 136 S. Ct. at 732, but *Montgomery* was decided on January 25, 2016. Mr. Rich failed to file his federal habeas petition until June 12, 2017. Mr. Rich had a "motion to correct erroneous sentence" pending in his trial court between August 31, 2016, and February 9, 2017, related to his claim under *Montgomery*. This motion was ultimately denied as improper as his claims should have been raised in a successive post-conviction petition. *See* Dkt. 21-1 at 54. Because this motion was not a "properly filed application for State post-conviction or other collateral review," the time the motion was pending failed to toll the one-year statute of limitations that began on January 25, 2016. Thus, because Mr. Rich's petition was filed more than a year after *Miller* was made retroactive, and his petition based on *Roper, Graham*, *Miller* and *Montgomery* is untimely under 28 U.S.C. § 2244(d)(1)(D).

As to his second claim, on March 9, 2005, the Indiana Supreme Court made *Blakely* retroactive to all cases pending on direct review at the time *Blakely* was announced. *Smylie v. State*, 823 N.E.2d 679 (Ind. 2005). Mr. Rich was resentenced on July 29, 2005, and appealed his sentence, raising both *Blakely* and *Smylie*. Mr. Rich's one-year limitation period began running on March 2, 2007, after the Indiana Court of Appeals denied his appeal based on *Blakely*. Thus, Mr. Rich's petition based on *Blakely* and the prior Supreme Court cases is untimely based on 28 U.S.C. § 2244 (d)(1)(A).

Mr. Rich might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674,

684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Rich argues that the statute of limitations should not apply because his attorneys told him he could file a habeas petition at any time. Dkt. 1 at 7. He asserts that, in April 2016, his counsel Melissa R. Winkler-York told him that "he could file a petition for writ of habeas corpus at anytime." Dkt. 21 at 10. He also alleges that his prior counsel, Richard C. Bucheri, also told him the same thing. *Id*. Finally, Mr. Rich asserts that his claims are not time barred because his sentences are unconstitutional. Mr. Rich fails to demonstrate that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way to prevent a timely filing. At most, the latest alleged misunderstanding of his counsel was on April 2016, but Mr. Rich's petition was filed in June 2017, more than a year after the alleged misrepresentations made to him.

In short, Mr. Rich's habeas petition is untimely and he has shown no basis to excuse its untimeliness.

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied with prejudice**. Judgment consistent with this Order shall now issue.

Judgment consistent with this Entry shall now issue. The **clerk is directed** to update the docket to reflect the substitution of Warden for Superintendent as the Respondent in this action.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/26/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SEAN P. RICH
995701
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov